### ALSTON'S LESSEE v. NOXON.

Supreme Court. New Castle. October, 1797.

*Bayard's Notebook, 212.*

*Ridgely* and *Bayard,* counsel for defendant, said that as there was no cause before the Court they conceived it irregular to ask the opinion of the Court upon any point which might afterwards be litigated in the course of the trial. That if the opinion of the Court were against them they were without remedy, as no bill of exceptions could be taken to an opinion in fact not given in any cause. They declined therefore making any objection or entering into any argument.

READ, C. J. The plot may be given in evidence for illustration, but the bounds and line marks must be proved. The notes of the survey inscribed on the plot will not be evidence.

Plaintiff's counsel then prayed that the jury might be sworn, which was accordingly done. After the plaintiff had gone through his title papers and came to his location, Daniel Blaney was sworn on his part. He said that Mr. Bennet, the under-sheriff, had informed him that Robert Armstrong, the surveyor appointed in the cause, was sick and unable to attend the survey and requested him to attend, which he did. Mr. Armstrong, however, afterwards came and, being unwell, told him if he would follow the compass he would pay him for the service. The parties were present and agreed that he should do so. He ran the lines according to Mr. Armstrong's directions, who kept the notes. He conceived the plot a just delineation of the survey, but he did not protract it and therefore could not say that it faithfully represented the bounds and lines and their several relations. He could speak only of its general appearance, which resembled the ground. He pointed the compass and ran as he was directed but saw no deeds or papers. Where off-sets were made, he believed he took the notes which he afterwards delivered to Mr. Armstrong, but in no other case did he take them. He was not present when the plot was made. The counsel for the plaintiff now offered in evidence the plot which had been made under the warrant issued in the cause and returned in common form by the Sheriff and Robert Armstrong, the surveyor.

*Ridgely* and *Bayard,* for defendant, objected that the plot could be no evidence unless proved by the surveyor who was appointed to make the survey and who returned the plot. That without proof it was nothing more than the certificate of the surveyor and not entitled to as much credit as the *viva voce* examination of the surveyor at the bar without oath. There never was an instance of a plot being admitted without the oath of the surveyor, and the entire credibility of it is derived from that oath. That

in questions of location the cause greatly depended on the fidelity of the plot, and if a surveyor's naked certificate was evidence upon the very point of dispute, certificates might as well be received in any other cause upon any points of controversy. That what was said by Mr. Blaney was rather calculated to give a false fact in the plot than afford any assurance of its accuracy. He was merely instrumental in the business. He had pointed the compass and run and measured the lines. He did not keep the notes of the work. He knew not whether the ground notes were true or false, and if the notes were true he cannot say that the plot is protracted according to them. He is not capable of an explanation of the plot and cannot answer many questions which the regular surveyor must be acquainted with and bound to answer.

*Miller* and *Read* answered the objection on the part of the plaintiff.

PER CURIAM. The plot, as returned under the warrant to lay down pretensions of the parties, being under the hand and seal of the surveyor and sheriff, may be made use of as an exhibit to the jury as explanatory of the lines in the title deeds of the respective parties, if the surveyor who delineated the same is prevented from attending by indisposition. As to the landmarks, the plots are not to be considered as evidence of them, but regular proof must be exhibited for the purpose of establishing them.

The plot admitted in evidence.

NOTE. The counsel for the defendant prayed a bill of exceptions, which was granted.